WILLIAM CUMMINS

*vs.*

NOBLE T. JERMAN.

Kent, Sept. T. 1887.

*Evidence; rules of court; answer under oath.*

By force of the rules of this court, when the allegations of the bill are sustained by a single undiscredited witness the complainant will be entitled to prevail as against a sworn answer, where no interrogatories were annexed to the bill and an answer under oath was not required.

BILL FOR AN INJUNCTION.—The bill in this case is filed to restrain the collection of a debt, evidenced by judgment, from William Cummins, the surety therein, by Noble T. Jerman, to whom said judgment was confessed.

The bill states that Isaac D. Hamilton and William A. Cummins, they doing business under the firm name of Hamilton & Cummins, on or about March 17, 1885, executed and delivered their joint and several judgment bond to Noble T. Jerman, for the real debt of $900, bearing date the day and year aforesaid and payable, with interest thereon, on or about the 17th day of June, 1875; that William Cummins at the special instance and request of said Hamilton & Cummins became their surety in said judgment bond; that said Cummins executed the bond for the sole benefit of said Hamilton & Cummins and as their surety only; that said Jerman on the 15th day of March, 1877, entered judgments severally and caused execution thereon to be executed against said William Cummins, the surety, and caused his property be seized and levied upon; that Jerman afterwards agreed with Isaac D. Hamilton, acting for himself and partner, in consideration of the sum of forty-five dollars,

to forbear the collection of said debt for the period of one year; that the said agreement and payment of money by the said Hamilton and Cummins, his partner, was without the privity and consent of William Cummins, the surety, and that by reason thereof the said surety was greatly damnified; that said Hamilton & Cummins were doing business as merchants, and had possession of a large stock of goods and merchandise at the time that such extension of óne year was given to them in consideration of the payment by them to said Jerman of forty-five dollars as aforesaid; and that said Hamilton & Cummins afterwards became insolvent and unable to pay the said judgment to the said Jerman; and that by reason of such extension of one year of the time for the payment of said debt for the consideration aforesaid, the said surety became and was wholly released, exonerated, and discharged from all liability on said bond or on the judgment entered thereon.

The said William Cummins, surety aforesaid, the complainant in this cause, prays that the said Noble T. Jerman, the defendant, may be perpetually enjoined from all further proceedings on the said judgment or on the execution thereon issued, and from the collection of the same or any part thereof out of the complainant.

Jerman, in his answer, admits the execution and delivery of the bond and the entry of judgments thereon, but denies that such extension of time was given in consideration of the payment of the sum of money as aforesaid; he denies that any agreement or understanding was had between himself and the said Isaac D. Hamilton that he would either forbear to collect the moneys secured by the said judgment bond, or give further time for the payment thereof, or that the collection of the same should be deferred or postponed for the period of one year, or any other time, in consideration of the promise to pay to him the sum of forty-five dollars or any other

sum of money whatever; and also denies that the said sum of forty-five dollars or any other sum was ever paid to him in pursuance of any such pretended understanding and agreement between the said Isaac D. Hamilton and himself respecting further time for the payment of the moneys secured by the said bond.

*Edward Ridgely* and *James L. Wolcott* for the complainant.

*N. B. Smithers* and *George V. Massey* for the defendant.

THE CHANCELLOR.—No interrogatories were annexed to or accompanied the bill of complaint. The answer of the defendant was not required to be under oath; and although it was in fact made under oath, under our rules of court it cannot be used as evidence in behalf of the defendant. If it contains any admissions of facts, those admissions may be used against the party making them.

Except for our rule of court on this subject, the answer of Jerman, being responsive to the statements of the bill, would be evidence for him; and it would be necessary to overcome that answer by the testimony of two witnesses, or the testimony of one witness and such strong corroborating circumstances as would in effect amount to the testimony of an additional witness. Such being our rule of court, I must therefore in the decision of this case be governed solely by the testimony in the cause.

Isaac D. Hamilton has been examined as a witness on behalf of the complainant, and his testimony fully sustains the allegations of the bill. He has not been discredited as a witness, and I am therefore compelled to decree in favor of the complainant, and order that a perpetual injunction issue as prayed by the bill.

Let a decree be drawn accordingly.